The opinion of the Court was delivered by
Tilghman C. J.
The plaintiffs’ counsel have founded their argument, on an assumption, that the deed of Thomas *493 Glen was intended to convey the exact quantity of 200 acres, with the allowance of six per cent, which was to be surveyed and ascertained, after the execution of the deed. ' This is tainly contrary to the expressions of this deed, which describes a tract of land, hounded in a certain manner, as the ■subject of the conveyance. The boundaries, indeed, are vague, and do not completely surround the land; but it must be supposed, that a tract of land did exist, knozvn to the parties, otherwise the deed would convey nothing. And inasmuch as the description is incomplete, the tract intended to be conveyed, might be identified by parol evidence. The evidence was, that a tract, agreeing with the description in the deed, as far as it went, and completely ascertained by lines and boundaries, was delivered by the grantor, and accepted by the grantee. This is sufficient. But the plaintiffs contend, that the quantity of 200 acres, was an essential part of the deed. I can only say, that it is. not so expressed. Two hundred acres more or less, are the words, which imply, that the boundaries were fixed, and might contain more or less. If the plaintiffs are right in their construction, this deed is not a conveyance of land, but an agreement that 200 acres shall be surveyed and conveyed. Now certainly, this Court should incline to the construction which corresponds with the declared intent of the parties ; that is to say, the absolute conveyance of a tract of land. It may be, however, that the original intent was, to convey 200 acres, and through a mistake arising from miscalculation, such boundaries have been fixed, as contain 213 acres; How would the law stand, on that supposition ? The boundaries being recognised by both parties, must betaken for those intended by the deed; and thus we have the case of a deed, containing 13 acres more than was supposed by either party ; possession held for 13 years, and then, both grantor, ánd grantee being dead, an attempt to open the conveyance, for no other reason, than that it contained a surplus of 13 acres. Why were the words more or less used, but to shew, the understanding of the parties, that the boundaries should not be affected by a deficiency or surplus of quantity ? Would a court of chancery interfere in a case of this kind ? I think not. The surplus is not so great as to carry with it irresistible evidence of an essential mistake; and the death of the original parties, the only persons who had a perfect knowledge of what was really *494 intended, is a strong circumstance against throwing open a transaction, with which both parties were content as long as they lived. The plaintiffs’ counsel, having asked the opinion of the Coui't below, on a certain case, supposed by themselves to be matter of law, now complains, that the Court assumed what belonged to the jury. This is not fair. They would have had much better cause of complaint, and no doubt would have complained, if the Court had refused to give an opinion, and referred this matter to the jury. Upon full consideration of the plaintiffs’ case, I cannot think them entitled to a recovery, upon .principles either of law or equity; and therefore I am of opinion, that the judgment should be affirmed.
Judgment affirmed.